# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ALEXANDER CLARK

VERSUS

JEAN HOTARD, ET AL.

CIVIL ACTION

NO. 22-326-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the *Motion to Strike LPSO Defendants' Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f)* (Doc. 105) ("*Motion*") and supporting memorandum (Doc. 106) filed by Plaintiff Alexander Clark ("Plaintiff"). Defendants Jason Ard, Sheriff of Livingston Parish; Calvin Taylor Bowden; and Sergeant Jean Hotard ("LPSO Defendants") oppose the *Motion*, (Doc. 115), and Plaintiff has filed a reply, (Doc. 120). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's *Motion* is denied.

## I. RELEVANT BACKGROUND AND PARTIES' ARGUMENTS

This case arises from injuries Plaintiff suffered as a result of alleged constitutional violations occurring during and after a traffic stop conducted by officers with the Livingston Parish Sheriff's Office ("LPSO") and Denham Springs Police Department. (*First Am. Compl.* ("*FAC*") ¶¶ 2–9, Doc. 89.) Plaintiff was ultimately charged with Failure to Use Turn Signal (which was later dropped), Resisting an Officer, and Obstruction of Justice, but he was only found guilty of the Obstruction charge. (*Id.* ¶¶ 112–113.)

Plaintiff filed suit asserting claims under state and federal law of false arrest, false imprisonment, excessive force, unreasonable search and invasion of privacy, bystander liability,

*Monell* liability, denial of equal protection, intentional race discrimination, and conspiracy to violate equal protection. (*Id.* ¶¶ 230–336.)

LSPO Defendants filed a *Motion to Dismiss Pursuant to Rule 12(c)* (Doc. 100) ("*MTD*"). These defendants argue (1) that a majority of Plaintiff's claims are barred by his conviction under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) that he fails to state a viable *Monell* claim against Sheriff Ard. (*See* Doc. 100-1 at 1–4.) The Court will take the *MTD* up at a later time.

Plaintiff filed the instant *Motion* seeking to strike "virtually all of the LPSO Defendants' Affirmative Defenses as filed in their Answer to Plaintiff's First Amended Complaint and Jury Demand." (Doc. 106 at 7 (citing Doc. 99).) Plaintiff claims that these defendants have "filed what is less a serious Answer than a puzzling, inscrutable document, with affirmative defenses virtually all of which are insufficient because they are inapplicable defenses to the cause of action in the *FAC*, or lack any specificity and so fail to constitute fair notice to plaintiff." (*Id.*)

For example, Plaintiff complains that LPSO Defendants do not specify to which counts the *Heck* defense applies. (Doc. 106 at 12.) Moreover, Plaintiff contends that LPSO's Defendants' qualified immunity defense lacks specificity and that, in any event, qualified immunity is not a valid defense at all. (*Id.* at 13–20.) Similar complaints of lack of specificity are made with respect to other affirmative defenses like good faith immunity under state law. (*Id.* at 20–21.) Plaintiff likewise maintains that some defenses, like comparative fault, are not applicable to federal constitutional claims or state law battery claims. (*Id.* at 24–25.) Plaintiff even claims that LPSO Defendants improperly listed "failure to state a claim" as an affirmative defense, and other so-called affirmative defenses are in fact not so. (*Id.* at 25–30.)

LPSO Defendants respond that, "what's sauce for the goose is sauce for the gander," and many of the allegations in the *FAC* fail to live up to Plaintiff's own exacting standard. (Doc. 115

at 3–4.) LPSO Defendants then say that the *Heck* defense is pled with specificity, particularly when read with the *MTD* filed contemporaneously with the answer. (*Id.* at 4–5.) LPSO Defendants have similarly provided fair notice of their qualified immunity defense, and the Court should reject Plaintiff's contention that qualified immunity is not a viable defense as a general matter. (*Id.* at 5–8.) Other defenses, such as those rooted in good faith and justifiable conduct and those related to third-party liability and limitation of liability under La. R.S. §§ 13:5106 & 5112, are also sufficiently specific and relevant to Plaintiff's claims. (*Id.* at 8–10, 12–13.) Plaintiff's contentions about the state law immunity of La. R.S. § 9:2798.1 is also meritless, as it clearly applies to his state law causes of action, and there's no prejudice. (*Id.* at 10–11.) Arguments about the mitigation defense are based on an obvious typo and a narrow conception of relevance. (*Id.* at 14.) Plaintiff complains about the comparative fault defense, but he also makes a negligence claim. (*Id.* at 14–15.) As to the inclusion of the failure to state a claim defense, this (1) is permissible; (2) is a question of legal sufficiency rather than pleading with sufficient factual specificity; and (3) in any event, is in no way prejudicial. (*Id.* at 15–16.) LPSO Defendants close by urging that, if the Court is inclined to grant any part of the motion to strike, the Court should allow leave to amend to cure the deficiencies. (*Id.* at 17.)

Plaintiff replies that LPSO Defendants are attempting to improperly amend their answer with their responses, but they have "already had their bite at the apple . . . ." (Doc. 120 at 3.) Plaintiff reiterates that the affirmative defenses must be pled with specificity, and LPSO Defendants chose not to do so. (*Id.* at 3–5.) Moreover, Plaintiff contends that LPSO Defendants fail to comply with Rule 11, and they cannot amend their deficient answers through their opposition. (*Id.* at 5–6.) These defendants also cannot seek to strike Plaintiff's allegations in their complaint. (*Id.* at 7–8.) Plaintiff claims that he need not show prejudice and that this is the

appropriate vehicle for challenging the applicability of § 1983, both generally and in this case. (*Id.* at 8–12.) Plaintiff closes by saying he is willing to provide additional briefing on the qualified immunity issue. (*Id.* at 12.)

## II.    RELEVANT STANDARD

Federal Rule of Civil Procedure 12(f) provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2020). *See also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (The Fifth Circuit "review[s] a district court's ruling on a motion to strike for abuse of discretion.").

A party urging a motion to strike must meet certain requirements. "[M]otion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy[.]" *Coney*, 689 F.3d at 379 (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) (citing *Coney*, 689 F.3d at 379). Additionally, "[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir.2007) (citing Fed. R. Civ. P. 12(f))).

Further, the mover must show that the "presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial[.]" *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus*, 306 F.2d at 868); *see also Glob. Adr, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003) (Engelhardt, J.) (citing *Niblo*, 821

F. Supp. at 449); Wright & Miller, *supra*, at § 1382 ("Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f). This has been true, for example, if the pleadings will be withheld from the jury or if the jury is carefully instructed as to the weight to be given the pleadings."). As Wright and Miller states:

> [T]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy *and* may cause some form of significant prejudice to one or more of the parties to the action.

Wright & Miller, *supra*, at § 1382 (emphasis added); *see also Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868); *Global Adr*, 2003 WL 21146696, at *1 (citing *Niblo*, 821 F. Supp. at 449). *But see Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 852 (E.D. La. 2011), *on reconsideration in part*, No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("A motion to strike should be granted only when 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.' " (quoting *Harris v. USA Ins. Companies*, No. 11-201, 2011 WL 3841869, at *1 (E.D. La. Aug. 30, 2011) (quoting *Johnson v. Harvey*, No. 96-3438, 1998 WL 596745, at *7 (E.D. La. 1998)))). This standard is a "heavy burden," *Gilchrist*, 321 F.R.D. at 302, and a "high bar," *Global Adr*, 2003 WL 21146696, at *1.

Looking at the specific grounds for striking, " '[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." Wright & Miller, *supra*, at § 1382. "Unnecessary jurisdictional allegations may be eliminated as immaterial as may averments of evidentiary facts." *Id.* "In addition, superfluous historical

allegations also have been subject to a motion to strike, although allegations of this type may be permitted in a pleading if they are relevant to the claim for relief or provide useful background for the parties and the court in the absence of any prejudice." *Id.*

With respect to the procedural aspects of motions to strike, "[a] motion to strike must comply with the requirement in Rule 7(b) that motions state with particularity the grounds therefor and set forth the nature of relief or type of order sought." *Id.* at § 1380. "All well-pleaded facts are taken as admitted on a motion to strike but conclusions of law or conclusions drawn from the facts do not have to be treated in that fashion by the district judge." *Id.* "The district court also should refrain from becoming enmeshed in the merits of the action or the legal sufficiency of the pleadings, although this may be difficult to prevent when the relevance or materiality of the challenged allegations is in issue on the motion." *Id.* at § 1382. "If the court grants a motion to strike redundant, immaterial, impertinent, or scandalous material, its order should delineate the matter to be eliminated with some care so as to avoid the excision of unobjectionable allegations and to prevent unnecessary controversy over the scope of the order." *Id.* Thus, "[i]f the district court determines that certain references in a pleading are prejudicial, only those references and not the entire paragraphs containing them should be stricken." *Id.* at § 1380.

"[T]he action of striking a pleading should be sparingly used by the court[.]" *Coney*, 689 F.3d at 379 (quoting *Augustus*, 306 F.2d at 868). "[S]triking a portion of a pleading is a drastic remedy[.]" *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868). Consequently, "motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868). "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." Wright & Miller, *supra*, at § 1382.

6

### III.    ANALYSIS

Having carefully considered the matter, the Court will deny the *Motion*. The Court does so on multiple grounds.

First, as is demonstrated above and in other opinions by this Court, *see Omega Hosp., LLC v. United HealthCare Servs., Inc.*, No. 16-560, 2020 WL 7049857, at *12–14 (M.D. La. Dec. 1, 2020) (deGravelles, J.), this Court takes the position that prejudice is required to grant a motion to strike, and Plaintiff's extensive briefing is devoid of any real showing of that. For example, Plaintiff's contention that LSPO Defendants failed to provide specific detail in their invocation of the *Heck* defense rings hollow when considering the fact that LPSO Defendants contemporaneously filed a *MTD* specifying exactly the grounds which they contend support their argument that the *Heck* defense applies. Likewise, even if "failure to state a claim" is not a proper defense, it is difficult for the Court to see how the "presence [of this and the other challenged defenses] in the pleading throughout the proceeding will be prejudicial[.]" *Niblo*, 821 F. Supp. at 449. On this ground alone, the instant *Motion* could be denied.

Second, even if the Court were to look past the prejudice issue, the Court would still deny the *Motion*. The Court views with considerable skepticism Plaintiff's position that LPSO Defendants' various affirmative defenses lack sufficient detail or are otherwise inadequate. Both parties are represented by able counsel, and the Court concludes the defenses provide adequate notice. For similar reasons, the Court cannot say that the complained-of affirmative defenses bear "no possible relation to the controversy[.]" *Coney*, 689 F.3d at 379. For instance, comparative fault is an entirely appropriate defense when negligence is pled, (*Am. Comp.* ¶¶ 261–267, Doc. 89), and defenses of good faith conduct and third-party liability are also fair game under the facts of this case, particularly given the allegations that another non-LPSO officer was involved in the

misconduct, (*see id.* ¶¶ 1–14, 18). Ultimately, the Court declines at this time to get embroiled in the merits of the action; the question of whether a particular affirmative defense should or should not bar recovery is best left for later in the proceeding through dispositive motions (like the *MTD* and future motions for summary judgment). *See* Wright & Miller, *supra*, § 1382.

That said, the Court will reject at this time one of Plaintiff's particular merit-based challenges—the one attacking qualified immunity as a whole. Plaintiff invokes, *inter alia*, opinions of Judge Willett criticizing the doctrine, but Judge Willett's objections were also considered by this Court in *Abshire v. Livingston Parish*, No. 22-548, 2023 WL 3589657 (M.D. La. May 22, 2023). There, this Court stated:

> Nevertheless, this Court's own feelings toward qualified immunity are ultimately irrelevant; Plaintiffs' arguments are best left for the Supreme Court or the Fifth Circuit sitting en banc, not for a district court. *See Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Kauffman*, 981 F.3d 347, 369 (5th Cir. 2020) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.") (quoting *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (emphasis omitted); *see also* [*Conners v. Pohlmann*, No. 15-101, 2021 WL 1172534, at *5 (E.D. La. Mar. 29, 2021) (Barbier, J.)] ("declin[ing] Plaintiffs invitation to find that" the Supreme Court overruled the doctrine of qualified immunity "implicitly") (citing *Nat'l Coal. for Men v. Selective Serv. Sys.*, 969 F.3d 546, 550 (5th Cir. 2020) ("[L]ower courts may not 'conclude [that] recent cases have, by implication, overruled an earlier precedent.' ") (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997))). Or, as Judge Willett said, "Today's decision upholding qualified immunity is compelled by our controlling precedent." [*Rogers v. Jarrett*, 63 F.4th 971, 979 (5th Cir. 2023)] (Willett, J., concurring). Accordingly, the Court rejects Plaintiffs' attempt to invalidate the doctrine of qualified immunity.

*Id.* at *10; *see also Mallory v. Norfolk S. Ry. Co.*, 43 S. Ct. 2028, 2038 (2023) ("If a precedent of this Court has direct application in a case, . . . a lower court should follow the case which directly

controls, leaving to this Court the prerogative of overruling its own decisions." (cleaned up)); *United States v. Alkheqani*, 78 F.4th 707, 726 (5th Cir. 2023) (declining to find that recent Supreme Court case abrogated prior cases and relying in part on *Mallory*). Thus, there is no basis for this Court to invalidate qualified immunity as a viable defense.

In sum, Plaintiff has failed to meet the "high burden" of showing this "sparingly used," "drastic," and "disfavored" remedy should be employed here. *See Omega Hosp.*, 2020 WL 7049857, at *12–14 (citations omitted). While the Court appreciates Plaintiff counsels' attempts to zealously represent their client, the *Motion* as a whole strikes the Court as a hyper-technical "gotcha" tactic that this Court has decried. *See U.S. ex rel. Byrd v. Acadia Healthcare Co., Inc.*, No. 18-312, 2022 WL 879492, at *26 n.1 (M.D. La. Mar. 23, 2022) (deGravelles, J.).

The Court also reminds counsel that they are required by Federal Rule of Civil Procedure 1 to "construe[], administer[], and employ[]" the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court encourages the parties to remember this obligation before filing further motions which, though not necessarily frivolous, perhaps could be better resolved through a phone call or cooperation rather than fifty plus pages of briefing.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Strike LPSO Defendants' Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f)* (Doc. 105) filed by Plaintiff Alexander Clark is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>July 29, 2024</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

9