# EXHIBIT 13-2



**SOCIAL JUSTICE LEGAL FOUNDATION**

SARA HAJI
*Executive Director*

info@socialjusticelaw.org
Main: 213 542 5241
D: 213 259-2501
F: 323 784 2007

523 West 6th Street
Suite 450
Los Angeles, CA 90014

December 23, 2024

**VIA UNITED STATES PRIORITY MAIL**

Livingston Parish Sheriff's Office – Custodian of Records
P.O. Box 850
Livingston, LA 70754

Re:   Public Records Request on behalf of The Social Justice Legal Foundation

Dear Custodian of Records:

Pursuant to the Public Records Act of Louisiana, R.S. 44:1 et seq., on behalf of the Social Justice Legal Foundation, I request copies of the public records described below.

For purposes of this request, the term "documents" includes, but is not limited to, any memoranda, reports, letters, electronic mail or "e-mail," handwritten, typed, or electronic notes, recordings of any kind and in any form (video, audio, digital, etc.). The term "Incident Report" shall mean the standard reporting documentation used by the Livingston Parish Sheriff's Office to document and record official law enforcement interactions with the public. The term "Affidavit" shall mean the charge Document described in Policy 401, Citing Traffic Violations and Court Utilizations, of the Livingston Parish Sheriff's Office Operations Manual with the same title. The term "Uniform Arrest and Summons Report" shall mean the Document filed with the clerk of court described in Policy 401, Citing Traffic Violations and Court Utilizations, of the Livingston Parish Sheriff's Office Operations Manual with the same title. The term "Arrest Report" shall mean the report of arrest Document described in Policy 402, Physical Arrest of Violators, of the Livingston Parish Sheriff's Office Operation Manual previously provided by the Livingston Parish Sheriff's Office via Public Records Requests. The term "Use of Force Report" shall mean the Document described in Policy 501-A(D), Use of Force, Reporting Requirements, of the Livingston Parish Sheriff's Office Operation Manual previously provided by the Livingston Parish Sheriff's Office via Public Records Requests. The term "Uniform Patrol Deputies" shall mean the sworn Livingston Parish Sheriff's Office employees responsible for carrying out traffic stops and enforcement.

1. All Computer Aided Dispatch reports created from 2018 to 2022 that Reflect traffic stops initiated by Livingston Parish Sheriff's Office Uniform Patrol Deputies.

2. All Incident Reports, Affidavits, Uniform Arrest and Summons Reports, and Arrest Reports created by the Livingston Parish Sheriff's Office from 2018 to 2022 Related to traffic stops initiated by Livingston Parish Sheriff's Office Uniform Patrol Deputies that resulted in a charge of Louisiana Revised Statute 32:104, Improper Turn and/or Failure to Give Required Signal.

3. All Incident Reports, Affidavits, Uniform Arrest and Summons Reports, Use of Force Reports, and Arrest Reports created by the LPSO from 2018 to 2022 Related to traffic stops initiated by Livingston


      Parish Sheriff's Office Uniform Patrol Deputies that resulted in a charge of Louisiana Revised Statute 14:108, Resisting an Officer.

4. All Livingston Parish Sheriff Office policies in effect on May 24, 2021 relating to narcotics search and seizure.

Under the provisions of R.S. 44:32, if you raise a question as to whether any of the records requested is a public record, you are required to notify in writing the person making the request of your determination and the reasons, including the legal basis therefor for such exemption. Notice shall be made within five days of the receipt of the request, exclusive of Saturdays, Sundays and legal public holidays. **In other words, because this request has been sent via United States priority mail and with holiday closures, that notice shall be made no later than by end of day, January 6, 2025.** *See* R.S. 44:32(D). In that same notice, if you claim any exemption for a record or records under the Public Records Act, or any other statute, you are required to include for each record the section of law under which exemption is claimed and your reasons for believing the statute is applicable to the record. *See id., see also* R.S. 44:31(B)(3). Failure to provide proper notice within the five days may result in the initiation of proceedings for the issuance of a writ of mandamus. *Krielow v. Louisiana State Univ. Bd. of Supervisors*, 2019-0176 (La. App. 1 Cir. 11/15/15), 290 So. 3d 1194, 1202–03.

*An entire record may not be withheld on the basis of a portion of that record containing non-public information; segregating public records is incumbent upon the custodian of records including proper redaction of nonpublic information.* See R.S. 44:32(B); *see also Krielow*, 290 So. 3d at 1202–03.

Under the provisions of R.S. 44:33, if the public record is not immediately available, you are required to certify this in writing promptly, and in your certificate fix a day and hour **within three days**, exclusive of Saturdays, Sundays and legal public holidays, for the exercise of the right granted in the Public Records Act.

Under R.S. 44:34, "If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody and control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter."

If you are invoking R.S. 44:34 to deny this request, please answer the following questions in detail.

1. Is a copy of the requested public record usually located in your office?

2. Why is your copy of the requested public record absent from your office?

3. Where is your copy of the requested public record?

4. Who has received a copy of the requested public record?

5. How and from whom did the present custodian gain control of your copy of the requested public record?



6. What was the exact time your copy of the public record was taken from your custody and control?

7. When will your copy of the requested public record be returned to your office?

8. Is there any other public official who has a copy of the requested record?

9. What is/are the name(s) of anyone who has a copy of the requested public record?

10. What is/are the location(s) where the public record can be viewed?

11. What are the hours and dates when the requested public record can be viewed?

Please contact us at the number below when the requested materials are ready to be mailed, or, alternatively, contact us by email. We request that any and all documents that are available be made available in electronic form. This request includes any documents that are in paper form but that can be scanned to electronic form, as well as digital copies of any recordings. For those documents that cannot be produced in electronic form, if the cost of copies does not exceed $50.00, proceed without further approval and send us an invoice with the records; otherwise, call to advise and gain approval to proceed. As you are aware, failure to abide by the Public Records Law may result in certain penalties and the award of attorney's fees. **As stated above, accounting for holiday closures, we expect a response by no later than the end of day, January 6, 2025.** We trust that you will comply without the necessity of any further action on our part.

Sincerely,

*Sara Haji* (signature)

Sara Haji
Executive Director
Social Justice Legal Foundation
info@socialjusticelaw.org
213 542 5241